FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 NOV -2 AM 10:37
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| LUDEANE WHITFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. CV503-125 |
| ) | |
| J.C. PENNEY CORPORATION, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## O R D E R

Before the Court is Plaintiff Ludeane Whitfield's Motion to Enforce Settlement. (Doc. 31.) After careful consideration, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

This is a personal injury action arising out of an incident at the J.C. Penney Store in Waycross, Georgia on January 5, 2002. The action was resolved on Thursday, August 30, 2007 through mediation conducted by retired state court judge Robert E. Falligant. The action was dismissed with prejudice on August 31, 2007.

A letter from Mr. Falligant, the mediator, sets forth the terms of the settlement:

> The Defendant was to pay the sum of $125,000 within fourteen (14) days and if not paid within that time there would be a 5% penalty.

(Doc. 31, Ex. A.) Defendant did not provide payment within fourteen days. Instead, the settlement check was made available

to Plaintiff's counsel on September 17, 2007, eighteen days after the mediation.

Plaintiff has filed the instant Motion asking the Court to enforce the 5% late penalty. Plaintiff also requests reasonable attorney's fees and bad faith sanctions. Defendant argues that the "spirit" of the settlement agreement was upheld, and that it should therefore not be required to pay the 5% penalty. In support, Defendant explains that there was confusion regarding the W-9 Federal Tax Form that was necessary for the insurance company to process the settlement.

The parties did not execute the W-9 form at the mediation. Instead, they agreed that the form would be filled out the next week. Each side appeared to believe that the other side would provide the form. When the parties recognized this misunderstanding, on Friday, September 7, 2007, Defense counsel faxed the form to Plaintiff's counsel, and Plaintiff's counsel executed the form and returned it the same day. After Defense counsel received the W-9 form, the settlement check was made available to Plaintiff's counsel ten days later, on September 17, 2007.

After careful consideration, the Court holds that Plaintiff is entitled to the 5% penalty. The Court finds that the alleged misunderstanding regarding the W-9 form is immaterial to the untimeliness of the payment. Defendant received the W-9 form on

September 7, and therefore had almost an entire week to process a check and timely comply with the terms of the settlement. Although the Court finds that there is no indication of bad faith, the terms of the settlement agreement were clear and unambiguous, and Defendant should not be excused from its own bargain merely because it was slow to process the payment.[1] Indeed, the purpose of the 5% provision was to induce Defendant to pay promptly.

Accordingly, Plaintiff's Motion to enforce the 5% penalty is **GRANTED**. The request for attorney's fees and bad faith sanctions is **DENIED**. Defendant is **ORDERED** to pay the Mediation Settlement of $125,000 and the 5% penalty within **14 days** of the date of this Order.

SO ORDERED this 2nd day of November, 2007.

_____
WILLIAM T. MOORE, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] According to Defendant, Plaintiff's counsel was to provide the W-9 form on Tuesday, September 4, 2007, immediately following the Labor Day weekend. (Doc. 33, Campbell Aff. ¶ 8.) If Defendant had received the form on this date and then taken ten days to provide a check, the payment still would have been late under the terms of the agreement.

3